# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHAVONTAE DANIELS,<br><br>     Plaintiff,<br><br>v.<br><br>ROBERT MIMS, ANDREW ARZENHOFER, NIKITA BARBEAU, MICHAEL VANDERBUSH, NATHAN HAYNES, JONATHAN S. PAWLYK, and PATRICK MAHONEY,<br><br>     Defendants. | Case No. 18-CV-516-JPS<br><br>**ORDER** |

  On May 6, 2019, after a hearing that narrowed the issues in this case down to a single Prison Rape Elimination Act ("PREA") claim, the Court amended the scheduling order to reflect an August 15, 2019 discovery deadline and a September 20, 2019 summary judgment deadline. (Docket #78).[1] When the Court issued that order, Plaintiff had already filed four motions to appoint counsel. (Docket #66, #67, #76, #77). Three of these motions (Docket #66, #67, and #77) are identical. Pursuant to its trial scheduling order, which explained that the Court would not consider

---

  [1] Four of Plaintiff's earlier claims–including claims that various defendants strapped him to a bed, ignored his threats of self-harm, sprayed him with noxious gas, and forced him to take a scalding hot shower–were dismissed by stipulations of the parties. The stipulations did not specify whether the dismissals were with or without prejudice. *See* (Docket #73, #74). Federal Rule of Civil Procedure 41(a)(1)(B) provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Accordingly, these claims were dismissed without prejudice.

motions to appoint counsel until after the close of discovery, the Court did not decide these motions. *See* (Docket #19 at 6). After the Court issued the amended scheduling order, Plaintiff filed another motion to appoint counsel, (Docket #80), and a motion for sanctions against Defendants, (Docket #79), in which he claimed that Defendants had destroyed evidence because the video of the event in question omitted Defendant Nathan Haynes ("Haynes")'s inappropriate sexual comments, which were made while Plaintiff was strapped to a bed. Plaintiff claims that this video also omits footage of Defendants pulling him down a set of stairs by his neck. (Docket #79 at 3). That motion for sanctions is now fully briefed. On July 23, 2019, Plaintiff was released from prison. In August 23, 2019, after Plaintiff failed to appear for a deposition, Defendants[2] filed a motion to dismiss for failure to prosecute. (Docket #88). The Court afforded ample time for Plaintiff to respond, but he has yet to oppose the motion to dismiss, or otherwise attempt to proceed with his case. For the reasons explained below, the case will be dismissed for failure to prosecute, and the motions for sanctions and to appoint counsel will be denied as moot.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Any such dismissal "operates as an adjudication on the merits." *Id.* Courts have considerable discretion in determining whether to dismiss an action for failure to prosecute. *Locascio v. Teletype Corp.*, 694 F.2d 497, 499 (7th Cir. 1982). Plaintiff was warned, in the original scheduling order, that "failure to make

---

[2] Given the parties' stipulated dismissal of the only claim pending against Defendant Brittany McCutcheon (Docket #73), she has been dismissed from this action.

a timely submission. . .may result in the dismissal of this action for failure to prosecute." (Docket #19 at 6). Additionally, it is every litigant's first responsibility to provide accurate, up-to-date contact information to the Court so that orders and correspondence from opposing parties may be timely received. *See* Gen. L.R. 5(a)(4); *Griffin v. City of Chi.*, Case No. 17–CV–701–JPS, 2017 WL 3217067, at *1 n.1 (E.D. Wis. July 28, 2017).

Plaintiff was released from prison on July 23, 2019, and provided notice of his new address to the Court. (Docket #85). However, Defendants inform the Court that Plaintiff was subsequently re-arrested and detained in Racine County Jail from July 29, 2019 to September 11, 2019. (Docket #89 at 3). Plaintiff's deposition was scheduled for August 9, 2019. At no point after his re-arrest did he notify the Court or opposing counsel of his change in address, or otherwise move to reschedule the depositions to a time when he could attend. Therefore, the fault for missing his deposition rests with him alone. Plaintiff has not submitted anything further to the Court since his release from prison on July 23, 2019. Crucially, he has not opposed Defendants' motion to dismiss for failure to prosecute. The case, therefore, will be dismissed for Plaintiff's failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions to appoint counsel (Docket #66, #67, #76, #77, and #80) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (Docket #79) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Docket #88) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's PREA claim be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge